IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


UNITED STATES OF AMERICA

VERSUS                                                        CRIMINAL NO. 1:06cr74WJG-JMR-1
                                                              CIVIL ACTION NO. 1:08cv306WJG

DARIUS MARCHAUN PRICE,
a/k/a Skinny Pimp


O R D E R

THIS CAUSE comes before the Court on Defendant Darius Marchaun Price's motion [50] to vacate, set aside or correct his previously imposed sentence pursuant to 28 U.S.C. § 2255. The petition, filed July 17, 2008, contends that his counsel, Calvin Taylor, was ineffective for allegedly failing to go over the presentence report [PSR] with him and also for failing to object to Price's state court misdemeanor convictions at the sentencing phase of his case. (Ct. R., Doc. 51, pp. 3-7.) Price admits that he pleaded guilty to Count 11 of the Indictment, (Ct. R., Doc. 15), in exchange for the United States of America agreeing to dismiss the remaining charges against him, and he acknowledges that those counts were, in fact, dismissed. (Ct. R., Doc. 50, p. 1.)

Price was charged in eleven counts of a twelve-count Indictment on August 23, 2006. (Ct. R., Doc. 15.) The Indictment charged Price in Count 1 with conspiracy to possess with intent to distribute a controlled substance, that is 50 grams or more of cocaine base; in Counts 2, 3, 4, 5, 6, 8, 9, and 11 with possession with intent to distribute 5 grams or more of cocaine base; and in count 7 with possession with intent to distribute 50 grams or more of a substance containing a

detectable amount of cocaine base, in violation of 18 U.S.C. § 2, and 21 U.S.C. §§ 841(a)(1), 846 and 853. (Ct. R., Doc. 15.) Count 12 of the Indictment was the notice of forfeiture to Price and his co-defendants. (*Id.*)

Price signed a Plea Agreement, pleading guilty to Count 11 of the Indictment on April 25, 2007. (Ct. R., Doc. 38.) Price's sentencing hearing was held on July 11, 2007, and Price was sentenced on Count 11 of the Indictment to a period of 168 months in the custody of the Bureau of Prisons, with the remaining counts of the Indictment being dismissed on motion of the United States. (Ct. R., Doc. 44.)

Price contends that Taylor provided ineffective assistance of counsel because Taylor allegedly did not object to an enhancement for possession of a weapon; did not filing a habeas petition on Price's behalf, and did not object to the use of uncounseled prior convictions in the criminal history calculation of Price's sentence. (Ct. R., Doc. 50, pp. 4-7.) Price claims that Taylor did not review the PSR with him, asserting that if he had, Taylor would have seen that the two points added to Price's base level offense for possessing a dangerous weapon was inaccurate. (Ct. R., Doc. 51, p. 3.) Price claims he had no firearms or weapons within the immediate vicinity of himself or the location of his arrest. (*Id.*, p. 4.) He contends that had Taylor objected to this inaccurate information the two-point enhancement in sentencing would not have applied in his case. (*Id.*)

Price further asserts that Taylor did not object to the use of prior state court misdemeanor convictions in his criminal history. (*Id.*, p. 5.) Price claims that if that history was not applied in his case, he would have had a criminal history category of I rather than III which would have resulted in a lesser sentence. (*Id.*, p. 6.)

Taylor's objections to the pre-sentence report included an objection to the weapons enhancement and an objection to the criminal history category. (Ct. R., Doc. 41.) In an affidavit prepared in response to the Petition before the Court, Taylor states that he objected to the weapons enhancement and despite Price's protests that the weapons did not belong to him, the enhancement was still applied. (Ct. R., Doc. 56, p. 2.) In addition, Taylor indicates that although he objected to the use of the misdemeanor convictions in Price's criminal history, the objection was overruled in spite of the fact that PSR stated that the misdemeanor convictions were uncounseled. (*Id.*)

The United States contends that none of Price's arguments concerning Taylor's performance merit relief under section 2255. (Ct. R., Doc. 54, p. 2.) Although an objection to the firearms enhancement was lodged prior to sentencing, the objection was overruled by the Court. (*Id.*, p. 4.) The use of the misdemeanors in determining the prior criminal history was within the Court's discretion regardless of any complaints about the use of those charges by either Price or his attorney. (*Id.*) In addition, although Price contends that Taylor did not review the PSR with him prior to sentencing, when Price was questioned in open court about whether he had an opportunity to review the PSR with Taylor, Price stated that Taylor had, in fact, reviewed the report with him. (*Id.*)

I.   Waiver

The Supreme Court has held that "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970).

Thus, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Price does not contend that his plea of guilty was not knowingly and voluntarily entered. (Ct. R., Doc. 50.) Moreover, the Plea Agreement outlines the maximum sentence that Price could have received, which was not less than 5 years and up to 40 years imprisonment, with a fine of up to $2,000,000. (Ct. R., Doc. 38 ¶ 4.) Price received a sentence of 168 months imprisonment. (Ct. R., Doc. 82, p. 2.) Finally, Price expressly waived his right to file a motion pursuant to 28 U.S.C. § 2255 within the MOU. (Ct. R. Doc. 38, ¶ 15.) Price's signature affirms that the Plea Agreement constitutes the complete agreement between the parties and that the terms of the Plea Agreement were read by or to him, explained to him by his attorney, that he understood the terms, voluntarily accepted them, and agreed to them. (*Id*., ¶ 17.)

A defendant may waive his statutory right to appeal his sentence if the waiver is knowing and voluntary. *United States v. Robinson,* 187 F.3d 516, 517 (5th Cir. 1999). Here, Price does not allege, and there is no indication in the record, that his ratification of the Plea Agreement was anything but voluntary. Because he indicated that he read and understood the agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary. The language in the Plea Agreement makes clear that Price voluntarily and knowingly waived this argument. *See United States v. Bond*, 414 F.3d 542, 545-6 (5th Cir. 2005). In addition, an ineffective assistance of counsel argument only survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Those circumstances are not present in this case. As such, the Court finds Price's waiver of the right to post-conviction relief serves to bar the present

claim. In the alternative, if the right to post-conviction relief does not bar his claim, the Court will address Price's allegations.

II. Ineffective Assistance of Counsel

Price's claim of ineffective assistance of counsel can be proven by showing: (1) that Taylor's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995). In circumstances involving a defendant's guilty plea, the prejudice requirement under *Strickland* "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). Price "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

A petitioner must affirmatively prove prejudice. *Earhart v. Johnson*, 132 F.3d 1062,1066 (5th Cir. 1998), *cert. denied* 525 U.S. 933. Self serving conclusional statements that the outcome would have been different "fall far short of satisfying *Strickland*'s prejudice element." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001). Allegations of a mere possibility of a different outcome are insufficient to establish prejudice. *Lamb v. Johnson*, 179 F.3d 352, 359 (5th Cir. 1999), *cert. denied* 528 U.S. 1013.

The Court again notes that Price waived his right to collaterally attack his conviction by his plea. (Ct. R., Doc. 38. ¶ 15.) "A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant . . . includ[ing] claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000), *cert. denied* 531 U.S. 919. Price

claims that Taylor was ineffective for not objecting to the "dangerous weapon enhancement" at sentencing and for not filing a federal habeas petition or objecting to the use of uncounseled prior convictions in the criminal history calculation. (Ct. R., Doc. 50, pp. 4, 6.) Price's claim that Taylor failed to pursue objections to the PSR lacks merit, because Taylor submitted the objections he tendered to the Court, which include an objection to the weapons enhancement and the criminal history level. (Ct. R., Doc. 41.) The Court finds no merit in Price's claim of ineffective assistance for an alleged failure to object to the PSR.

Price also contends that Taylor was ineffective for failing to object to the use of uncounseled misdemeanor charges as part of his criminal history calculation. (Ct. R., Doc. 50, p. 6.) If Taylor was unaware of the extent of Price's prior record during the time the plea agreement was discussed, Price certainly knew of his own criminal record, and could have objected to the use of his prior record when questioned during sentencing.

Price's contentions concerning the computation of his criminal history category are procedurally barred because he did not raise them on direct appeal. *United States v. Kallestad,* 236 F.3d 225, 227 (5th Cir. 2000). Even if these claims were not procedurally barred, Price's claims that Taylor was ineffective for failing to object to the use of a sentence involving a prior uncounseled misdemeanor conviction has been has expressly rejected by the United States Supreme Court. *Nichols v. United States,* 511 U.S. 738, 748-9 (1994) (allowed use of an uncounseled valid misdemeanor conviction to calculate defendant's criminal history category under the sentencing guidelines).

Price has not demonstrated a reasonable probability that, but for counsel's alleged error, he would not have pleaded guilty and would have insisted on going to trial. *See Glinsey*, 209

F.3d at 392; *Sayre*, 238 F.3d at 635. Price received a substantial benefit from the plea agreement which was negotiated by his attorney, in that the United States agreed in the plea agreement to dismiss the charges in the other counts of the indictment against him. The Court, therefore, finds that the circumstances surrounding Price's guilty plea do not support his claim that the result of the proceeding would have been different if he had not pled guilty and proceeded to trial. Price cannot establish how Taylor was ineffective, other than to contend that his sentence would be lower if he had not pleaded guilty in this case.

The Court finds no merit to Price's claim of ineffective assistance of counsel and further finds no reason to conclude that "but for" Taylor's performance and advice Price was convicted of a crime for which he had no involvement. The Court concludes that Price fails to meet the *Strickland* requirements in this claim, and has not shown that Taylor's performance was deficient, and the Court finds no grounds for granting *habeas* relief on Price's claims.

To obtain a certificate of appealability [COA] from this Court, Price "must make a substantial showing of the denial of a constitutional right." *United States v. Garza,* 165 F.3d 312, 314 (1999), *cert. denied* 528 U.S. 1006. A substantial showing is made when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further with the claims. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000), *cert. denied* 531 U.S. 966. In this case, the Court finds that Price has not met this standard, and concludes that the COA should not issue. It is therefore,

ORDERED that Price's motion to vacate [50] the previously imposed sentence be, and is hereby, denied. It is further,

ORDERED that a COA should not issue in this case. It is further,

ORDERED that this cause be dismissed with prejudice.

SO ORDERED AND ADJUDGED, this the 8th day of January, 2010.


                                                *Walter J. Gex III*
                                  UNITED STATES SENIOR DISTRICT JUDGE